UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**NICK JONES,**

   Plaintiff,

v.                                              No. 4:23-cv-00969-P

**PEASTER INDEPENDENT SCHOOL DISTRICT, ET AL.,**

   Defendants.

### MEMORANDUM OPINION & ORDER

Before the Court is Defendants' Partial Motion to Dismiss Plaintiff's Amended Complaint, filed January 10, 2024. ECF No. 22. For the following reasons, the Court will **GRANT** Defendants' Motion.

### BACKGROUND

Peaster Independent School District ("PISD") Superintendent Lance Johnson's contract was the subject of public comment at the October 3, 2022, PISD school board meeting. At this meeting, Nick Jones spoke in support of Superintendent Johnson. Prior to these comments, Jones claims he was a respected member of the PISD staff and community with no negative employment history. However, after his comments, Jones claims he began to be subjected to a hostile work environment, false allegations of poor performance and insubordination, and was reassigned to a less desirable and more isolated role within PISD. Ultimately, within two months of his comments, Jones was placed on paid administrative leave from his position in PISD.

Jones responded by using PISD's grievance process. Jones's Level III grievance meeting was held in a closed session in front of the PISD Board of Trustees, Defendants PISD, Scharnhorst, and Bowling. Jones's grievance was eventually denied, and his contract was not renewed at the end of the 2023 school year.

Jones then filed this suit on September 22, 2023 against PISD as well as Doug McCollough, Keith Scharnhorst, and Michael Bowling (collectively the "Individual Defendants"). He amended his complaint on December 29, 2023. In his Amended Complaint, Jones alleges that Defendants violated his First Amendment Right to Free Speech, discriminated and retaliated against him in violation of Title VII of the Civil Rights Act of 1964, alleges that they violated the Texas Open Meetings Act ("TOMA"), and alleges a claim of intentional infliction of emotional distress ("IIED"). Defendants subsequently moved to dismiss the Open Meetings Act and IIED claims on January 10, 2024, under Rule 12(b)(6). Jones filed his Response three weeks later and Defendants filed their Reply two weeks after the Response. The Motion is now ripe for review.

## LEGAL STANDARD

Rule 12(b)(6) allows a defendant to move to dismiss an action if the plaintiff fails to state a claim upon which relief can be granted. *See* FED. R. CIV. P. 12(b)(6). In evaluating a Rule 12(b)(6) motion, the court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff. *See Inclusive Cmtys. Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 899 (5th Cir. 2019) (quoting *Campbell v. Wells Fargo Bank, N.A.*, 781 F.2d 440, 442 (5th Cir. 1986)). "Further, 'all questions of fact and any ambiguities in the controlling substantive law must be resolved in the plaintiff's favor.'" *Id.* (quoting *Lewis v. Fresne*, 252 F.3d 352, 357 (5th Cir. 2001)). However, courts are not bound to accept legal conclusions couched as factual allegations as true. *See In re Ondova Ltd.*, 914 F.3d 990, 993 (5th Cir. 2019) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The well-pleaded facts must permit the court to infer more than the mere possibility of misconduct. *See Hale v. King*, 642 F.3d 492, 499 (5th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). That is, the complaint must allege enough facts to move the claim across the line from conceivable to plausible. *See Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Determining whether the plausibility standard has been met is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* (quoting *Iqbal*, 556 U.S. at 663–64).

## ANALYSIS

Jones states a claim against Defendants PISD, Scharnhorst, and Bowling for violations of the Texas Open Meetings Act (Tex. Gov't Code § 551) and a claim against all Defendants for IIED. *See* ECF No. 23 at 11–13. Defendants argue that Jones has failed to assert factual allegations that support a claim of a violations of TOMA and that his IIED claim is barred by the Texas Tort Claims Act. *See* ECF No. 22 at 5. The Court will address each claim in turn. Lastly, the Court will consider Jones's entitlement to punitive damages under the claims he brings against both PISD and the Individual Defendants.

**A.  Texas Open Meetings Act Claim**

Under TOMA, every regular, special, or called meeting of a governmental body shall be open to the public. *See* TEX. GOV'T CODE ANN. § 551.002. An exception to the open-meeting requirement applies if the governmental body is deliberating a personnel matter. *See id.* § 551.074(a). But if a public officer who is the subject of the deliberation requests a public hearing, the exception does not apply. *See id.* § 551.074(b).

Here, Jones claims that Defendants' decision to hold his Level III Grievance meeting as a closed sessions was in violation of the TOMA. *See* ECF No. 23 at 11. However, the subject of the meeting was Defendant McCollough and his involvement in the personnel dispute involving Plaintiff Jones. *See* ECF No. 23 at 7. Under § 551.074(a) and (b), the only way this Level III Grievance meeting would be subject to the open-meeting requirement is if Defendant McCollough requested it. Jones has not pled sufficient facts to support the notion that this is the case. *See generally* ECF No. 23. In fact, in his briefing, Jones merely claims that it is a "fact issue and does not justify dismissal of Plaintiff's TOMA claims at this stage". ECF No. 26 at 4. He is incorrect. It is not a fact issue but a legal issue as to whether § 551.074(b) applies. It does. Defendant McCollough was the subject of the deliberation of a personnel matter and Jones has not pled that McCollough made a request that the hearing be made public. *See* ECF No. 23 at 7. Therefore, no exception

3

applies. *See* § 551.074(b). Jones's failure to plead facts that show McCollough requested an open session is fatal to his claim here.

Accordingly, even construing the facts in the light most favorable to Jones, his TOMA claim fails and is thus **DISMISSED.**

**B. Intentional Infliction of Emotional Distress Claim**

Jones alleges a claim for IIED against PISD and the Individual Defendants—i.e., a government entity and its employees. The Court first looks at the government entity and then the employees.

1. *PISD*

It is well-established that school districts, as governmental entities, are generally immune from suit under the Texas Tort Claims Act. *See Mission Consol. Indep. Sch. Dist. v. Garcia*, 253 S.W.3d 653, 656 (Tex. 2008). Although the Texas Tort Claims Act provides a limited waiver of immunity for "tort claims involving the use or operation of motor vehicles," *id.*, the allegations underlying the IIED claim against PISD here do not involve such use. *See also* TEX. CIV. PRAC. & REM. CODE § 101.051 ("Except as to motor vehicles, this chapter does not apply to a school district[.]"). Accordingly, Plaintiff has not stated a viable IIED claim against PISD, and his claim is **DISMISSED.**

2. *McCollough, Scharnhorst, and Bowling*

Jones concedes that Defendants were "acting individually and [within] the course and scope of their employment or work" as employees of PISD. ECF No. 23 at 13. Insofar as Jones brings suit against these three Defendants in their official capacity, the Court finds that Jones's IIED claim is also barred.

A tort claim alleged against a government employee acting in his or her official capacity is barred by the Texas Tort Claims Act if the suit is based on: (1) "conduct within the general scope of that employee's employment"; and (2) "if [the suit] could have been brought under [101.106] against the governmental unit." *Hartman v. Broussard*, No. 09-19-00053-CV, 2020 WL 578795, *5 (Tex. App. — Beaumont Feb. 6, 2020, no pet.) (quoting TEX. CIV. PRAC. & REM. CODE § 101.106(f)). Here, Jones maintains that the alleged wrongful conduct was within the scope of the Defendants' employment. ECF No. 23 at 13.

4

Moreover, Plaintiff could have—and did—bring his IIED claim against PISD. *Id.* at 12–13. Whether Plaintiff may ultimately prevail against PISD does not bear on whether such claim "could have been brought" under the Texas Tort Claims Act for these purposes. *Franka v. Velasquez,* 332 S.W.3d 367, 375 (Tex. 2011) (a tort action for IIED "could have been brought under" the Texas Tort Claims Act regardless of whether the governmental entity is immune from such action). Thus, after accepting Jones's alleged facts as true and viewing them in the light most favorable to him, the Court finds that Jones cannot plead an IIED claim against any of the three individual Defendants and his claim is **DISMISSED**.

**C. Punitive Damages**

Jones pleads that Defendants are also "liable to Plaintiff for punitive damages for their recklessness and/or callous indifference to Plaintiff's constitutional rights." ECF No. 23 at 14. Given the IIED claim must be dismissed, the Court need not look to whether punitive damages are available for that claim. Defendants argue generally that punitive damages are not available here, citing a litany of sources including the Texas Civil Practice and Remedies Code, Texas Labor Code, 42 U.S.C. § 1981, as well as Supreme Court cases.

The Court will address each of Jones's remaining claims and whether punitive damages are available.

1. *First Amendment Claim*

Jones brings his free speech claims against Defendants under 42 U.S.C. § 1983. *See* ECF No. 23 at 9. It is well-settled that punitive damages are not available against PISD under § 1983. The Supreme Court has concluded "that considerations of history and policy do not support exposing a municipality to punitive damages for the bad faith actions of its officials" and held that "a municipality is immune from punitive damages under 42 U.S.C. § 1983." *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981). This principal applies to school districts as well. *See, e.g., Schultzen v. Woodbury Cent. Cmty. Sch. Dist.*, 187 F. Supp. 2d 1099, 1104 (N.D. Iowa 2002) (applying *City of Newport*)

5

("The court agrees with the parties that an award of punitive damages is not available against the school district under ... section 1983[.]").

While seemingly conceding this point in his briefing, Jones argues that punitive damages can still be available against individual, government Defendants for § 1983 violations. *See* ECF No. 26 at 5–6. The case Jones cites states that punitive damages may be awarded in § 1983 cases "when the defendant's conduct is shown to be motivated by evil malice or intent, or when it involves reckless or callous indifference to the federally protected rights of others." *Smith v. Wade*, 461 U.S. 30, 56 (1983). However, as noted, Jones bring this suit against the Individual Defendants in their official capacities. *See* ECF No. 23 at 13. When the government entity itself is a defendant in the litigation, as here, claims against "specific individuals in their official capacities are redundant, and for that reason, courts in this circuit have found it is appropriate to dismiss them." *Broussard v. Lafayette City-Par. Consol. Gov't*, 45 F. Supp. 3d 553, 571 (W.D. La. 2014); *see also Kentucky v. Graham,* 473 U.S. 159, 165, (1985) (Holding an official capacity suit is, in all respects other than name, to be treated as a suit against the entity. It is not a suit against the official personally, for the real party in interest is the entity."). For these reasons, *Wade* does not apply to Jones's § 1983 claim because he is suing the Individual Defendants in their official capacities as employees of PISD.

Accordingly, the Court **STRIKES** Jones's claim for punitive damages under his § 1983 claim against PISD and all of the Individual Defendants.

2. *Title VII Discrimination and Retaliation*

Further, Jones's discrimination and retaliation claims under Title VII do not support punitive damages against any of the Defendants. It is settled law that government entities and government officials cannot be subject to punitive damages under Title VII. *See Oden v. Oktibbeha Cnty., Miss.,* 246 F.3d 458 (5th Cir. 2001) (Holding district court committed plain error by assessing punitive damages against a sheriff in his official capacity); *see also* 42 U.S.C. § 1981a(b). Given Jones is suing PISD itself and the Individual Defendants in their official capacity

6

as employees of PISD, *Oden* applies, and Jones is unable to pursue punitive damages against any of the Defendants under his Title VII claims.

Accordingly, the Court **STRIKES** Jones's claim for punitive damages against PISD and the Individual Defendants under Title VII.

**D. Leave to Amend**

In his response to Defendants' Motion, Jones requests that, "to the extent the Court believes that Plaintiff's allegations are insufficient at the pleading stage, Plaintiff requests the opportunity to seek leave to amend." ECF No. 26 at 6. While correct he is allotted this right under Federal Rule of Civil Procedure 15(a)(2), the provision of Rule 15(a)(2) of the Federal Rules of Civil Procedure that states "[t]he court should freely give leave when justice so requires" is not without limitation. The decision to allow amendment of a party's pleadings is within the sound discretion of the district court. *Foman v. Davis,* 371 U.S. 178, 182 (1962); *Norman v. Apache Corp.*, 19 F.3d 1017, 1021 (5th Cir. 1994) (citation omitted). In determining whether to allow an amendment of the pleadings, a court considers the following: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Foman*, 371 U.S. at 182; *see also Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 566 (5th Cir. 2003) (citation omitted).

Here, the Court determines that Jones has pleaded his "best case" to the issues discussed here, such that giving him an opportunity to amend would be futile and cause unnecessarily delay to the resolution of this litigation. All the rulings made in this Memorandum Opinion are matter of law issues, not fact issues. Amending his pleadings would not suddenly allow Jones to bring a claim under the TOMA, bring IIED claims against PISD or the Individual Defendants in their official capacity, or entitle him to punitive damages against entities where punitive damages are barred. For these reasons, the Court **DENIES** Jones's request to seek leave to amend.

7

**CONCLUSION**

The Court thus **GRANTS** Defendants' Partial Motion to Dismiss Plaintiff's Amended Complaint (ECF No. 22), **STRIKES** Jones's claim to punitive damages for his Title VII and First Amendment claims, and **DENIES** Jones's request for leave to amend.

**SO ORDERED** on this **11th day of March 2024.**

Mark T. Pittman
UNITED STATED DISTRICT JUDGE